YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. LEONA FARR ET AL.

[48 South. 520.]

1. RAILROADS.    *Master and servant.    Death of servant.    Suit for.    Negligence.    Pleadings and proofs.    Variance.*

In an action against a railroad company for the wrongful death of a locomotive engineer, a variance between the declaration, charging that the collision resulting in the death was caused by the negligence of defendant's telegraph operator in failing to properly deliver a train order dispatch to the conductor of a train, and evidence, showing that the operator placed the message, with two others, on a table in front of the conductor when he called for orders, instead of delivering it to him and having him read it aloud as required by the rules of the company, and permitted the conductor to depart leaving the order on the table, is not sufficient to defeat a recovery by the plaintiffs.

2. SAME.  Same.  Contributory negligence.  Proximate cause.

    The acts of a locomotive engineer in remaining in his seat on the
        right side of his engine while rounding a curve in the track and
        allowing the fireman to stoke the engine, thereby leaving the
        track unobserved from the left side of the engine, although the
        better view ahead could be had from that side, if negligent, are
        not the proximate cause of his death, resulting from a head-on
        collision with another train, caused by the negligence of the com-
        pany, where the decedent could not have prevented the collision
        had a look-out been maintained from the left side.

3. DAMAGES.  Verdict not excessive.  Death.

    Facts of the case considered and a verdict in plaintiff's favor,
        awarding twenty-two thousand five hundred dollars as damages
        for the wrongful death of a person, adjudged not excessive.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Mrs. Farr and others, appellees were plaintiffs in the court
below; the railroad company, appellant, was defendant there.
From a judgment for $22,500, in plaintiffs' favor the defendant
appealed to the supreme court.

The facts are as follows: The suit was for the alleged wrong-
ful death of John Farr, an engineer in defendant's service.  The
train on which Farr was engineer was known as "Extra No.
362," and it was proceeding southward from Vicksburg under
orders, when it made a head-on collision with north-bound train,
No. 78.  The collision occurred at a point in the road where
there was a curve in the track around the point of a hill.  The
curve was to the left, and the engineer, being seated on the right
side of the cab, failed to see the approaching train until within a
short distance of it.  At the time of the collision the fireman was
engaged in stoking his engine, and did not see the approaching
engine, in time to prevent the accident.  Farr and the fireman
both jumped from the train.  Farr was killed under the wreck-
age, and the fireman was severely injured.  The declaration al-
leged that the cause of the accident was the failure on the part
of the telegraph operator at Harriston to deliver to the conduc-
tor and engineer of north-bound train No. 78 telegraphic orders

which had been received to hold said train at Harriston until Extra No. 362 could reach that station. It developed on the trial that the conductor on train No. 78 went into the telegraph office at Harriston for orders, and the telegraph operator instead of delivering the orders to him, and having same read aloud, as required by the rules of the company, laid three dispatches on a table in front of the conductor, who when he left the office failed to take with him one of the dispatches, the order requiring him to meet No. 362 at that station. After the accident the operator abandoned his post. The railroad company contended that there was a variance between the allegations of the declaration and the proof, in this, the declaration predicated negligence of the acts of the telegraph operator while the evidence showed that there was negligence on the part of the conductor in not taking his orders from the table; and further contended that Farr was guilty of contributory negligence in not keeping a proper lookout from his cab at the point of collision.

*Mayes & Longstreet,* for appellant.

*J. McC. Martin,* for appellees.
[The reporter has been unable to find the briefs of counsel in this case.]

FLETCHER, J., delivered the opinion of the court.

Appellant assigns two reason why the judgment in this case should be reversed. It is said that there is a variance, because the declaration counts upon the negligence of the telegraph operator at Harriston, whereas the proof discloses that the accident was attributable to the negligence of the conductor on the north-bound train. We cannot yield to this contention. The point is highly technical, and should not operate to reverse the judgment, unless the variance is clearly shown. Here we have no doubt that the operator was gravely delinquent in the discharge of duty. There is no pretense that he delivered the train orders in the way

prescribed by the rules of the company. Especially was he derelict in failing to see that the conductor, in his presence, read his orders aloud; this being a most important regulation, designed to preclude all possibility of mistake. The conduct of the operator in abandoning his post after the wreck without waiting for any investigation is an admission that he was at fault. If it be conceded that the conductor was in some degree negligent, still it remains true beyond question that the accident would not have happened, had the operator performed his full duty. We think, the proof, in any practical view of the matter, conformed to the averments of the declaration.

In the second place, it is insisted that the case should have gone to the jury on the question of contributory negligence. It is shown without contradiction that the engineer at the time of the collision was at his usual post of duty, keeping a lookout, but that his view was obstructed by the contour of the hill, around which the track curved. It is shown that the fireman, whose position on the left of the locomotive placed him on the inside of the curve, was engaged in his primary duty of coaling his engine. The argument is that the engineer should have left his own position and kept watch from the left side. But, had he done so, it is shown that he could not have stopped his train in time to prevent the accident. He might have jumped from the engine sooner than he did, but the result would probably have been the same. As a matter of fact he seems to have jumped, but with disastrous results. If we concede that he was negligent, that negligence certainly did not contribute proximately to the injury, which was caused alone by the carelessness of the company's servants other than the unfortunate engineer.

There is no complaint as to the amount of the verdict, nor, indeed, could there be.

*Affirmed.*