### YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. LEWIS L. COBB.

#### [48 South. 522.]

RAILROADS. *Master and servant. Servant's injuries. Infants. Rule of company touching employment. Disuse. False affidavit of age.*

Where an infant employe of a railroad company was injured in the course of his employment by the negligence of the company, his infancy in no way contributing thereto, a much disused rule of the company forbidding the employment of infants and an affidavit, made by the plaintiff when seeking the employment, falsely affirming that he was then twenty-one years of age, do not constitute a defense.

2. DAMAGES. *Verdict excessive. Personal injuries.*

Facts of the case considered and a verdict in plaintiff's favor awarding twenty-five thousand dollars as damages for personal injuries adjudged excessive.

FROM the circuit court of Wilkinson County.

HON. MOYSE H. WILKINSON, Judge.

Cobb, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor for $25,000, the defendant appealed to the supreme court. The facts are sufficiently stated in the opinion of the court and in the case therein mentioned, *ante,* p. 557, as being a companion to this one.

*Mayes & Longstreet,* for appellant.

Our first contention in this case is that on the trial below the whole case was tried on an erroneous theory; which theory was that, in as much as this man, when injured, was serving as fireman, he was entitled to the rule of diligence and measure of protection which under the constitution and laws of this state is now accorded to employes engaged in the discharge of their duty.

But we submit that the facts of the case were such that plain-

tiff was not so entitled, and the whole case was consequently tried on an erroneous theory.

The controlling fact under this head was that the plaintiff was a minor. He procured himself to be employed in a responsible position intentionally, deliberately, and by a fraud practiced upon the company in stating that he was of age, and not only so stating, but in swearing to the statement. That this was true is not questioned; he himself expressly admitted it on cross-examination, and stated that he did it for the reason that "I did not give my correct age, because I knew it would not do," and stated that he did it in order to get employed, an that "I had to give it in that way before I could go on the road."

We have here, then, a case in which the plaintiff having reached years of discretion deliberately perpetrated a fraud upon the company. He did not misstate his age because of any misunderstanding or want of appreciation of the materiality of the misstatement. His own testimony shows that he knew there was an inflexible rule which would have excluded him from employment in that capacity, and he not only told a lie, but he swore to it, in order to avoid that rule and obtrude himself into this particular employment where he was not wanted, and where he admits that he would not have been employed if his age had been known.

This is no new legal proposition. It has been fully considered and settled by the courts, and the settlement of it is in the interest of public safety. See: *Norfolk, etc., R. Co. v. Bondurant,* 59 S. E. 1091; *Fitzmaurice v. New York, etc., Co.,* 6 L. R. A. (N. S.) 1146, and case note thereto, and note in 7 Am. & Eng. Ann. Cases, 587; 4 Elliott on Railroads, sections 1604 and 1609.

The court erred in giving the peremptory instruction for the plaintiff. By the pleadings in this cause an issue was expressly made that Cobb came to his injury by his own contributory negligence and that of Farr, in not keeping a proper look out; that had they done so, they could have seen the approach of No. 78,

in time to have averted the collision, or, at least, to have averted the fatal consequences to Farr and the injury to Cobb.

A very significant fact in this case is that both the engineer and the fireman of the other train saw plaintiff's train when they were four hundred yards apart, and they had time to apply the brakes and jump off and escape in safety.

That the negligence of the engineer Farr in failing to keep an alert look out as he should have done when he must have seen and known that Cobb was engaged in stoking his engine while going around the curve, will be imputed to Cobb. See *Evans v. Railway Co.,* 70 Miss. 527; *Farquhar v. Alabama, etc., R. Co.,* 78 Miss. 193.

*J. McC. Martin,* for appellee.

Suppose a fraud had been imposed on appellant by appellee in the statement of his age. What injury has been done appellant by reason of such fact? No negligence, on the part of appellee caused the collision of the two trains. It was the negligence of Lewis in another department from and in the control of the very train which collided. Can appellant, then, be heard to say: Yes, I did wrong whereby appellee was injured, but I should not suffer the penalty of my wrong, because he was a minor, and in applying for a position with me misstated his age. Certainly this would be a clear case of appellant taking advantage of its own wrong. The minority of appellee had nothing whatever to do with his being injured. Any other person, an adult, would have been hurt, in the same way.

The cases cited by appellant, towit: *Norfolk, etc., R. Co. v. Bondurant,* 59 S. E. 1091; *Fitzmaurice v. New York, etc., Co.,* 6 L. R. A. (N. S.) 1146 and cases in note thereto, along with note in 7 Am. & Eng. Ann. Cases, 587; and 4 Elliott on Railroads, Sections 1604 and 1609, all refer to frauds practiced by persons to obtain either reduced fare, or to secure transportation without fare at all. Hence they really have no bearing on the question involved here. In said line of cases, fraud was

practiced, injury came to the fraud doer, and an effort was made to hold the carrier. The courts held in such cases that getting free transportation, or reduced fare by such fraudulent representation, the plaintiffs could not maintain an action for damages sustained.

FLETCHER, J., delivered the opinion of the court.

This case is a companion to that of *Yazoo, etc., R. Co. v. Farr, ante,* 557, 48 South. 520. This appellee was fireman on the locomative of which Farr was engineer. Certain questions common to both cases are briefly discussed in the opinion in that case. There is, however, one question peculiar to this case which merits some attention. The appellee is a minor, and, of course, was not of age when he applied for and obtained employment with the railroad company. It appears from the proof that at the time of his making application for employment he made affidavit that he was twenty-one years of age. It is, therefore, ingeniously and forcibly argued that the youth would not have been employed but for this misrepresentation as to age; that as a consequence of this fact the fireman never became entitled to the protection which the law throws around an employee; but that he was a mere trespasser, to whom the company owed no duty, except not to do him a willful injury. This view does not seem to have been presented to the court below, and the testimony adduced on this point was manifestly directed to the view that by proving these misrepresentations the credibility of the plaintiff was thereby affected.

Assuming, however, that the appellant is entitled to present the question to this court, we are bound to say that this theory finds some support in the Virginia case of *Norfolk & W. Ry. Co. v. Bondurant,* 107 Va. 515, 59 S. E. 1091, 15 L. R. A. (N. S.), 443, 122 Am. St. Rep. 867. That case does hold, following an alleged analogy to the familiar passenger cases, that an employe who obtains employment by a misrepresentation as to his age is nothing more than a trespasser. As we shall pres-

ently point out, we are not called upon to announce positively our accord with, or dissent from, the authority of that case. Suffice it to say that, while it appears to be fairly well established that a passenger who secures transportation at a reduced rate upon a misrepresentation as to a material condition of the contract is entitled to no higher duty from the company than is owing to a trespasser, yet an employe, in our view, falls within quite a distinct category. A passenger, by his fraud, secures an advantage to himself without any corresponding or compensating benefit to the transportation company. The company creates a special and favored class for reasons of its own, and extends the privilege of reduced rates only to individuals of that class. The dishonest passenger who fraudulently secures admission to this class is securing from the company a concession or benefit to which he is clearly not entitled. He is, properly speaking, never a passenger at all, since he has never paid the price necessary to entitle him to the rights of a passenger. But an employe stands in a different attitude. He is a laborer for the company. He is paid for his service at exactly what the service is worth, and in this regard it can make no difference to the company that the employe is a minor and has misrepresented his age. It is not pretended, at least in this case, that the plaintiff was not a competent and skilled employe, or that his minority in any way contributed to the accident. These considerations and others that will readily suggest themselves move us to say that, were we driven to decide the precise question we would follow the Virginia case, if at all, with great reluctance.

But there is another view which we think sufficient. We have stated that the point under consideration was not distinctly made in the court below. This may account for the fact that there was a total failure on the part of the appellant to prove the existence of any rule of the company prohibiting the employment of minors. True, such a rule may be inferred from the fact that young Cobb stated that he misrepresented his

age for the reason that he would otherwise be denied employment. But it is true that the existence, scope, and terms of the rule are not shown. Further, and of more consequence, it is the undenied testimony of the plaintiff that it is the common practice of the company to employ minors, and that no attention was paid to the rule, if such a one existed. In this state of the record it is clear that the rule was not seriously regarded by the company, and may therefore be held to have been waived. Upon this view, we think a recovery must be upheld.

We think, however, the verdict is grossly excessive. The young man, it is true, is no doubt seriously injured. But we think the injury is not such as will cause permanent disability. We believe that $25,000 is entirely too much. After the most repeated and painstaking examination of the record, we are driven to the conclusion that one-half of that amount will amply compensate the plaintiff for his injuries.

If the plaintiff will remit $12,500, the judgment will be affirmed; otherwise, it will be *reversed* and *remanded.*